# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DONALD THOMAS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: _____** |
| | ) |
| **KOHLER COMPANY, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT

COMES NOW, Plaintiff, Donald Thomas, files his Complaint against Defendant, Kohler Company, Inc., and, in support thereof, shows as follows:

### INTRODUCTION

The Plaintiff, Donald Thomas, began working for Kohler Company, Inc. (hereinafter "Kohler") as a Team Leader in Maintenance at their Huntsville, Alabama location in January 2016. Although Thomas had approved intermittent FMLA Leave to assist is ill mother, he was fired on October 19, 2019 for taking time off that was necessary to care for her and protected by the FMLA.

### JURISDICTION AND VENUE

1. All of the events, transactions, or occurrences which gave rise to Plaintiff's claims took place in this Judicial District. Therefore, venue is proper in this district and this division pursuant to 28 U.S.C. § 1391(b)(1).

1

2. Federal jurisdiction exists as this action arises under the Family and Medical Leave Act, 29 U.S.C. §§2611 *et seq.* ("FMLA").

3. This Court maintains subject matter jurisdiction under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1343(a)(4).

4. Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

## PARTIES

5. Plaintiff is above the age of nineteen years and was, at all times relevant hereto, a resident of Madison County, Alabama and a citizen of the United States of America.

6. Defendant Kohler Company, Inc. is an employer and entity subject to suit under 29 U.S.C. § 2611 of the FMLA.

## FACTS

7. The Plaintiff, Donald Thomas, began working for Kohler Company, Inc. (hereinafter "Kohler") as a Team Leader in Maintenance at their Huntsville, Alabama location in January 2016.

8. Although Kohler Company employees generally work rotating shifts, the Plaintiff was permitted to only work night shifts because he helped to care for his mother, who had a medical condition that caused her to require assistance with the activities of daily living.

9. The Plaintiff requested Intermittent Leave under the Family Medical Leave Act (hereinafter "FMLA") in order to assist in caring for his mother for the first time in 2017 to be utilized throughout the following year.

10. Plaintiff's request for leave was approved, and every twelve (12) months, the Plaintiff completed the required paperwork to request intermittent leave for the following year.

11. In or around September of 2019, the Plaintiff's immediate supervisor informed him that he was no longer permitted to work the night shift exclusively. The Plaintiff was required to work a seven (7) week rotation between days and nights.

12. During the weeks the Plaintiff worked day shift, he was forced to utilize the leave available to him under the FMLA to assist his mother with the tasks of daily living much more often than he had while working nights.

13. On October 9, 2019, although the Plaintiff had never been reprimanded verbally or received any write ups with regard to the demands on his time that assisting with his mother's care presented, the Plaintiff was called to the office and summarily fired for missing work that was necessary for caring for his mother and protected under the Family and Medical Leave Act.

## CAUSE OF ACTION

## Count I
## Retaliation and/or Interference in Violation
## of the Family and Medical Leave Act

14. The Plaintiff realleges and incorporates by reference paragraphs 1 through 13 as if fully stated herein.

15. The Defendant is an employer in accordance with 29 U.S.C. §2611.

16. The Plaintiff was an eligible employee at the time of the events made the basis of this matter in that he was a person entitled to leave pursuant to the FMLA, 29 U.S.C. §2611 et seq. The Plaintiff had been employed with The Defendant for at least twelve (12) months and had worked more than One Thousand Two Hundred Fifty (1250) hours in the preceding twelve months.

17. The Defendant had knowledge of the Plaintiff's need for leave to assist with his mother's care.

18. The Defendant retaliated against the Plaintiff and wrongfully interfered with the Plaintiff's employment by terminating his employment for his use of qualified FMLA leave.

19. As a result of the Defendant's actions, the Plaintiff has suffered extreme harm, including but not limited to loss of employment opportunities, denial of wages, cost of medical care, compensation and other benefits and conditions of employment.

WHEREFORE, the above premises considered, the Plaintiff requests that this Court:

(a) Declare the conduct engaged in by the Defendant to be in violation of the Plaintiff's rights;

(b) Award the Plaintiff compensatory damages for back pay, liquidated damages, interest, and costs under the provisions of the FMLA;

(c) Award the Plaintiff's costs and attorney's' fees; and

(d) Grant such further, other and different relief, including equitable, as this Court may deem just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted this the 13th day of July 2020.

    s/ Teri Ryder Mastando
Teri Ryder Mastando (ASB-4507-E53T)
Eric J. Artrip (ART-9673-I68E)
MASTANDO & ARTRIP, LLC
301 Washington Street NW, Suite 302
Huntsville, Alabama 35801
Telephone:  (256) 532-2222
Facsimile:   (256) 513-7489
teri@mastandoartrip.com
artrip@mastandoartrip.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**

Kohler Company, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104